OPINION OF THE COURT
NYGAARD, Circuit Judge.
Gregory Lynn Morris appeals from an order denying his motion to suppress evidence of cocaine and crack cocaine discovered during a warrantless search of his pickup truck following his arrest for drunk driving. Because we conclude that the warrantless search of the contents of his truck was permissible under the inventory search exception to the warrant requirement, and that drugs found within a book bag were subject to the inevitable discovery exception to the exclusionary rule, we will affirm.[1]
I.
Appeals alleging violations of the Fourth Amendment search and seizure protections *827 are heavily fact-oriented. This appeal is no exception. They begin on December 14, 2002, just before midnight, when Wilkins Township Police Officer David Brokaw saw Morris driving his pickup truck erratically. He followed him for a distance before stopping him. Morris’ truck and Brokaw’s police car were blocking the right-hand traffic lane.
Brokaw’s initial observations led him to believe that Morris was drunk. So he had Morris try to perform several field sobriety tests, which were also observed by Officer Robert Lehew who arrived on the scene shortly after Morris was pulled over. Morris failed these tests and a portable breathalyzer test administered by another officer, Harry Welsh.
Brokaw arrested Morris for driving under the influence, in violation of 75 Pa. Cons.Stat. § 3731, and called for a tow truck to impound Morris’ vehicle because its driver and sole occupant was in custody. Morris consented to a blood test. Brokaw immediately drove him to Forbes Regional Hospital. Brokaw testified that he did not wait for the inventory search to be completed or for the tow truck to arrive because he was aware that over time alcohol dissipates in the bloodstream and because he knew there were often long waits for blood to be drawn at the hospital’s emergency room on a Saturday night. Brokaw left the scene with Morris in custody approximately 15 minutes after the initial traffic stop.
Because there was no one to take possession of Morris’ truck, and it could not be left blocking a lane of traffic, the vehicle was impounded. Lehew then performed an inventory search of Morris’ truck. The inventory took about 15 or 16 minutes. In the extended cab portion of Morris’ truck, Lehew found a yellow and black book bag which he opened. Inside the book bag, he found several plastic bags containing white powder and chunky substances which, based on his experience, he believed were cocaine and crack cocaine. He detailed these items and all other property he discovered within the truck on the inventory report form in accordance with the written Wilkins Township Motor Vehicle Inventory Procedures.
II.
A.
The prosecution may demonstrate that evidence seized in a warrantless search is admissible by showing that it was uncovered pursuant to a routine inventory search. An inventory search conducted by the police before the vehicle is towed is lawful if the police have grounds for impounding or otherwise taking custody of the vehicle, and the search is conducted pursuant to standard police procedures aimed at protecting the owner’s property and protecting the police from the owner’s later accusations of theft, loss or damage. See Illinois v. Lafayette, 462 U.S. 640, 643-44, 103 S.Ct. 2605, 2608, 77 L.Ed.2d 65, 69 (1983).
Because Morris’ vehicle was blocking a lane of traffic, the officers had no choice but to impound and eventually remove it. See South Dakota v. Opperman, 428 U.S. 364, 368-69, 96 S.Ct. 3092, 3097, 49 L.Ed.2d 1000,1005 (1976) (“The authority of police to seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience is beyond challenge.”) Once Morris’ truck was in police custody, the officers were permitted to inventory the vehicle. See id. at 372, 96 S.Ct. at 3098-99.
Morris argues that the inventory search was unlawful because the officers conducting the search failed to follow explicitly the commands of the Wilkins Township Police Department’s established *828 Vehicle Inventory Policy. Section 8.14.13(c) states:
The owner or operator of the vehicle shall be asked to remove, if possible, all valuables from the vehicle prior to impoundment. If such items cannot be removed, they shall be inventoried before the vehicle is removed, and the owner/ operator shall be requested to verify the completeness of the inventory by signature.
(Emphasis added.)
Morris argues that because of the use of the word “shall” in the Wilkins Township Police Department Motor Vehicle Inventory Procedures, the officers on the scene were unconditionally obligated to permit him to take possession of his book bag before impounding his vehicle and conducting the inventory search. However, “shall” is modified by the phrase “if possible.” We read this text to require that an arrestee be given possession of the valuable items in his or her vehicle before impoundment and inventory if the officers on the scene are able to do so.
This was not possible here. By the time the inventory procedure had begun, Morris had been arrested, handcuffed and was on his way to Forbes Regional Hospital, and could neither take possession of his valuables nor verify the completeness of the inventory with his signature. The District Court found that it was reasonable for Brokaw to transport Morris immediately to the hospital for a blood draw because alcohol quickly dissipates in the blood, and because there can be long waits at the hospital’s emergency room. We agree. Moreover, under Pennsylvania law, police officers have only two hours following the arrest in which to obtain an arrestee’s blood alcohol content. See 75 Pa. Cons. Stat. § 3802(a)(2). It was unquestionably reasonable for the police to transport him quickly to the hospital to gather evidence for use in a future DUI prosecution.
The record supports the District Court’s finding that the officers inventoried Morris’ vehicle in accordance with the standardized method and policies found in Wilkins Township Police Department Motor Vehicle Inventory Procedures Sections 8.14.10—8.14.19 and lawfully discovered the contraband.
B.
We also note that even evidence that would ordinarily be excluded because the process by which it was discovered contravened Constitutional strictures may be admitted if the evidence would have inevitably been discovered. “If the prosecution can establish by a preponderance of the evidence that the information ultimately or inevitably would have been discovered by lawful means ... then the deterrence rationale has so little basis that the evidence should be received.” United States v. Vasquez De Reyes, 149 F.3d 192, 195 (3d Cir.1998) (quoting Nix v. Williams, 467 U.S. 431, 444, 104 S.Ct. 2501, 2510, 81 L.Ed.2d 377, 388 (1984)).
The officers in this case would have inevitably discovered the cocaine even if they had permitted Morris to take possession of his book bag — or valuables — before conducting an inventory search. It is undisputed that Morris’ arrest was lawful. Before being given the book bag, it surely would have been searched incident to his arrest. See New York v. Belton, 453 U.S. 454, 460, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768, 775 (1981), reh’g denied, 453 U.S. 950, 102 S.Ct. 26, 69 L.Ed.2d 1036 (1981). Moreover, because the officers had already searched him and found a pocket knife, they were permitted to search all areas within his control where weapons could have been concealed and reachable by him. See id. at 460-61, 101 S.Ct. at 2864. Consequently, even if Morris had been given possession of his book bag, the officers *829 would first have searched it for their own safety, and the cocaine inside would inevitably have been discovered.
III.
The inventory search of Morris’ truck was lawful, and Morris’ cocaine would inevitably have been discovered.
The Judgment of the District Court will be affirmed.

. In 2004, a jury convicted Morris of possession with intent to distribute cocaine and crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), (b)(1)(B)(ii). He was subsequently sentenced to twenty years in prison.